Elsie CHUSTZ; Donald Wayne Chustz; George Dewayne Chustz; James Ray Chustz; Patsy Lynn Chustz Harrris, Plaintiffs–Appellants,

v.

R.J. REYNOLDS TOBACCO COMPANY, et al., Defendant,

American Tobacco Co., Defendant–
Appellee.

No. 02–31124.

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 2003.

Before DAVIS, SMITH and DUHÉ,
Circuit Judges.

PER CURIAM:[1]

The only significant issue in this appeal
is whether the Louisiana Products Liabili-
ty Act, La.R.S. 9:2800.51 et seq. (LPLA)
applies to this case. In deciding this issue,
we conclude that it is unnecessary for us to
resolve whether the test established by the
Louisiana Supreme Court in *Austin v. Ab-
ney Mills, Inc.*, 824 So.2d 1137 (La.2002),
for the accrual of a cause of action applies
against a cigarette manufacturer for fail-
ure to warn of the injurious effects of
tobacco. We agree with the district court
that even if the *Austin* test applies, plain-
tiff did not produce sufficient summary
judgment evidence from which a factfinder
could conclude that Mr. Chustz's exposure
to the defendant's product was so signifi-
cant before the effective date of the LPLA
that the disease would have progressed
independently after that date without re-
peated exposure.

We also agree that the district court did
not err in taking judicial notice of the fact
that there was widespread consumer
knowledge of the dangers of cigarette
smoking before the effective date of the
1969 Federal Cigarette Labeling and Ad-
vertising Act, 15 U.S.C. § 1331–1340. *See
Allgood v. R.J. Reynolds Tobacco Co.*, 80
F.3d 168, 172 (5th Cir.1996).

Because the district court correctly
granted summary judgment to defendant,
American Tobacco Company, we affirm the
judgment.

AFFIRMED.

---

**1.** Pursuant to 5TH CIR. R. 47.5, the Court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.